# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**NYTERIA GREEN,**

        **Movant,**

**v.**                                  **Case No. 5:16-cv-07221**
                                        **Case No. 5:15-cr-00085-2**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

On December 2, 2015, Movant, Nyteria Green (hereinafter "Defendant"), was sentenced in this United States District Court to 36 months in prison, followed by a three-year term of supervised release,[1] after her guilty plea to one count of aiding and abetting the uttering of counterfeit obligations or securities, in violation of 18 U.S.C. §§ 472 and 2. A Judgment to that effect was entered on December 7, 2015 (ECF No. 80).

Defendant did not appeal her conviction or sentence. However, on August 4, 2016, she filed the pending *Motion to Vacate, Set Aside, or Correct Sentence under 28*

---

[1] Defendant has been released from custody and is serving her term of supervised release in the Southern District of Ohio.

*U.S.C. § 2255* (ECF No. 86), seeking a reduction in her sentence under Amendment 794 of the United States Sentencing Guidelines ("USSG"), which amended the commentary to the sentencing guideline pertaining to a mitigating role in the offense of conviction, U.S.S.G. § 3B1.2.  Specifically, her motion states:

> Per my PSI I was only responsible for using the counterfeit bills.  I didn't make them nor did I have any interest in making them.  I had no propretory [sic; proprietary] interest in the scheme only using the bills that were given to me.  I played a very minor role as reflected in the total loss and my category points so my ground one is the minor role new law change.

(ECF No. 86 at 4).  Because it is apparent from the face of Defendant's motion that she is not entitled to relief under section 2255, the respondent has not been required to file a response thereto.

## **ANALYSIS**

Amendment 794, which took effect on November 1, 2015, clarified the requirements for reducing a defendant's guideline offense level based upon his or her "minor" or "minimal" role in the offense under USSG § 3B1.2.  The amendment was only to the commentary providing non-exhaustive examples of the factors that should be considered, under the totality of the circumstances, when a district court determines whether to apply a reduction under USSG § 3B1.2.  Thus, the amendment was a clarifying amendment, and not a substantive change in the law.  *See United States v. Phady*, No. 4:16-cv-04144-KES, 2017 WL 663533, at *3 (D.S.D. Jan. 26, 2017); *see also Nelson v. United States*, No. 1:16-cv-164, 2017 WL 10309300, at *6 (N.D. W. Va. Aug. 8, 2017).  As further noted by the court in *Nelson:*

> [A]t least two courts have held that Amendment 794 could apply retroactively while a case remained on direct appeal.  *See United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) (concluding that Amendment

2

794 applies retroactively to cases on direct appeal); *United States v. Carter*, 662 Fed. Appx. 342, 348-49 (6th Cir. Oct. 3, 2016) (adopting holding in *Quintero-Leyva* within context of a case on direct appeal). However, Petitioner has failed to identify any court that has held that Amendment 794 applies retroactively once a sentence becomes final.

*Id.* at *6. Thus, courts which have addressed this issue have concluded that a claim concerning the retroactive application of Amendment 794 is not cognizable under section 2255. *Id.*

Defendant asserts that, following Amendment 794, she is entitled to a minor role reduction under USSG § 3B1.2, and a reduction in her sentencing range to 15-21 months in prison. However, section 3B1.2 was amended prior to her sentencing. Thus, any benefit she could have derived from the amendment was already in effect at that time. Defendant did not seek a minor role reduction or object to the failure to receive such a reduction at sentencing and she further failed to pursue such a challenge on direct appeal. Thus, she cannot now seek a sentence reduction based on that amendment under section 2255.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* (ECF No. 86) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District

Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Defendant, **at her last known address: 674 Bedford Avenue, Columbus, OH 43205**, and to transmit a copy to counsel of record.

May 29, 2019

Dwane L. Tinsley
United States Magistrate Judge